# Order

Michigan Supreme Court
Lansing, Michigan

June 24, 2016

152598-610

Robert P. Young, Jr.,
Chief Justice

Stephen J. Markman
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Joan L. Larsen,
Justices

SONOCO PRODUCTS COMPANY,
      Plaintiff-Appellant,

v

DEPARTMENT OF TREASURY,
      Defendant-Appellee.

SC: 152598
COA: 325505
Court of Claims: 14-000142-MT

_____/

ANHEUSER-BUSCH, INC.,
      Plaintiff-Appellant,

v

DEPARTMENT OF TREASURY,
      Defendant-Appellee.

SC: 152599
COA: 325506
Court of Claims: 13-000111-MT

_____/

INGRAM MICRO, INC.,
      Plaintiff-Appellant,

v

DEPARTMENT OF TREASURY,
      Defendant-Appellee.

SC: 152600
COA: 325507
Court of Claims: 11-000035-MT

_____/

RENAISSANCE LEARNING, INC.,
      Plaintiff-Appellant,

v

DEPARTMENT OF TREASURY,
      Defendant-Appellee.

SC: 152601
COA: 325508
Court of Claims: 12-000093-MT

_____/

RENAISSANCE LEARNING, INC.,
      Plaintiff-Appellant,

v            SC: 152602
            COA: 325509
            Court of Claims: 13-000006-MT

DEPARTMENT OF TREASURY,
        Defendant-Appellee.

_____/

AK STEEL HOLDING CORPORATION,
        Plaintiff-Appellant,

v            SC: 152603
            COA: 325510
            Court of Claims: 13-000074-MT

DEPARTMENT OF TREASURY,
        Defendant-Appellee.

_____/

ADVANCE/NEWHOUSE
PARTNERSHIP,
        Plaintiff-Appellant,

v            SC: 152604
            COA: 325511
            Court of Claims: 14-000067-MT

DEPARTMENT OF TREASURY,
        Defendant-Appellee.

_____/

BIG LOTS STORES, INC.,
        Plaintiff-Appellant,

v            SC: 152605
            COA: 326039
            Court of Claims: 13-000133-MT

DEPARTMENT OF TREASURY,
        Defendant-Appellee.

_____/

KIMBALL INTERNATIONAL
MARKETING, INC.,
        Plaintiff-Appellant,

v            SC: 152606
            COA: 326075
            Court of Claims: 14-000300-MT

DEPARTMENT OF TREASURY,
　　　Defendant-Appellee.

_____/

NINTENDO OF AMERICA, INC.,
　　　Plaintiff-Appellant,

v

DEPARTMENT OF TREASURY,
　　　Defendant-Appellee.

_____/

ADVANCE/NEWHOUSE
PARTNERSHIP,
　　　Plaintiff-Appellant,

v

DEPARTMENT OF TREASURY,
　　　Defendant-Appellee.

_____/

FLUOR CORPORATION
AND SUBSIDIARIES,
　　　Plaintiff-Appellant,

v

DEPARTMENT OF TREASURY,
　　　Defendant-Appellee.

_____/

T-MOBILE USA, INC.
AND SUBSIDIARIES,
　　　Plaintiff-Appellant,

v

SC: 152607
COA: 326080
Court of Claims: 14-000253-MT

SC: 152608
COA: 326110
Court of Claims: 14-000206-MT

SC: 152609
COA: 326123
Court of Claims: 14-000292-MT

SC: 152610
COA: 326136
Court of Claims: 14-000276-MT

DEPARTMENT OF TREASURY,
        Defendant-Appellee.

_____/

On order of the Court, the application for leave to appeal the September 29, 2015 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

MARKMAN, J. (*dissenting*).

I respectfully dissent from this Court's order denying leave to appeal. Because the issues raised here are, in my judgment, of considerable constitutional significance as to matters affecting the tax policy and procedures, the fiscal and business environments, and the jurisprudence of this state, I believe they ought to be heard by the highest court of this state, and would thus grant leave to appeal.

In 1970, Michigan joined the Multistate Tax Compact (the Compact) when the Legislature enacted MCL 205.581. See 1969 PA 243, effective July 1, 1970. Article III(1) of the Compact provided that certain multistate taxpayers may elect to apportion income to Michigan for tax purposes "in the manner provided by the laws of such state," i.e., the laws of Michigan, or else "in accordance with Article IV." MCL 205.581, art III(1). Article IV provided for an apportionment formula based on property, payroll, and sales factors. MCL 205.581, art IV(9). Effective January 1, 2008, the Legislature enacted the Michigan Business Tax Act (BTA), MCL 208.1101 *et seq*., 2007 PA 36, which provided that "each tax base established under this act shall be apportioned in accordance with this chapter." MCL 208.1301(1). Finally, MCL 208.1301(2) of the BTA provided for an apportionment formula based solely on a sales factor.

At issue in *IBM v Dep't of Treasury*, 496 Mich 642 (2014), was whether the plaintiff multistate taxpayer could elect to use the Compact's three-factor apportionment formula for its 2008 Michigan taxes or whether, as the defendant Department of Treasury argued, it was required to use the BTA's sales-factor-only apportionment formula. This Court ruled in *IBM* that the taxpayer could elect to use the Compact's apportionment formula. The lead opinion stated that "the Legislature had [not] repealed the Compact's election provision by implication when it enacted the BTA," *id*. at 645 (opinion by VIVIANO, J.), while the concurring opinion left that question open, *id*. at 668 (ZAHRA, J., concurring). In response, the Legislature enacted 2014 PA 282, which repealed the Compact "retroactively and effective beginning January 1, 2008." 2014 PA 282, enacting § 1. As a consequence, 2014 PA 282 retroactively repealed the Compact election provision beginning that date as well. Several multistate taxpayers challenged the constitutionality of 2014 PA 282, but the Court of Claims and the Court of Appeals

upheld the statute against those challenges. *Gillette Commercial Operations North America & Subsidiaries v Dep't of Treasury*, 312 Mich App 394, 401 (2015). In my judgment, the following four constitutional questions that are raised in the taxpayers' various applications for leave to appeal warrant thorough consideration by this Court by a grant of leave to appeal:

*First*, is 2014 PA 282 consistent with federal due-process protections, US Const, Ams V and XIV, given that the retroactivity period here of six years and nine months arguably exceeds "a modest period of retroactivity," *United States v Carlton*, 512 US 26, 32 (1994), and that one justice has observed in this same regard in a frequently cited statement that "[a] period of retroactivity longer than the year preceding the legislative session in which the law was enacted would raise . . . serious constitutional questions," *id.* at 38 (O'Connor, J., concurring in the judgment)?

*Second*, is 2014 PA 282 consistent with the Michigan Due Process Clause, Const 1963, art 1, § 17, when that clause is worded differently than the federal Due Process Clause and we have held that the state provision may afford heightened protections, *Delta Charter Twp v Dinolfo*, 419 Mich 253, 276 n 7 (1984), because "while the Federal supreme court is the final judge of violations of the Federal Constitution, the decision of the Supreme Court of this State is final on the question of whether or not a State statute conflicts with the State Constitution," *People v Victor*, 287 Mich 506, 514 (1939)?

*Third*, does 2014 PA 282 violate either the federal or state prohibitions against the impairment of contracts, US Const, art I, § 10, cl 1; Const 1963, art 1, § 10, because the Compact is a reciprocal and binding interstate compact between the signatory states with respect to which a retroactive withdrawal from the Compact amounts to an unconstitutional impairment of that contract, see *Gillette Co v Franchise Tax Bd*, 62 Cal 4th 468, 477-479 (2015)?

*Fourth*, does 2014 PA 282 violate the Separation of Powers Clause, Const 1963, art 3, § 2, because by prescribing the outcomes of those cases that were held in abeyance pending *IBM*, as well as *IBM* itself, the Legislature has impinged on the judicial power, Const 1963, art 6, § 1, and contravened the principle that "the Legislature cannot dictate to the courts what their judgments shall be, or set aside or alter such judgments after they

6

have been rendered," *People ex rel Sutherland v Governor*, 29 Mich 320, 325-326 (1874); cf. *Plaut v Spendthrift Farm, Inc*, 514 US 211, 217-218 (1995) ("Congress has exceeded its authority by requiring the federal courts to exercise '[t]he judicial Power of the United States,' U. S. Const., Art. III, § 1, in a manner repugnant to the text, structure, and traditions of Article III.")?

As the United States Supreme Court has recognized, "[T]he power to tax involves the power to destroy[.]" *M'Culloch v Maryland*, 17 US (4 Wheat) 316, 431 (1819). This power must be kept subject to proper constitutional limits, particularly when, as here, a heightened tax burden has been imposed not on future business activities, but on business activities planned and undertaken many years ago. While I do not yet have any firm belief regarding the constitutionality of 2014 PA 282, I do have a firm belief that before retroactive tax burdens such as those set forth in this law are imposed, the arguments of affected taxpayers deserve consideration by the highest court of this state. Accordingly, I respectfully dissent and would grant leave to appeal.

VIVIANO, J., joins the statement of MARKMAN, J.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

June 24, 2016



Clerk

a0621