# STATE OF MICHIGAN

# COURT OF APPEALS

KIMBERLY-CLARK CORP & SUBSIDIARIES,

      Plaintiff-Appellant,

v

DEPARTMENT OF TREASURY,

      Defendant-Appellee.

UNPUBLISHED
January 17, 2017

No. 329749
Court of Claims
LC No. 15-000182-MT

Before: O'CONNELL, P.J., and MARKEY and MURRAY, JJ.

PER CURIAM.

In this case involving the apportionment of taxes, plaintiff appeals as of right from an order of the trial court dismissing the case under MCR 2.116(I)(1). We affirm.

This tax case centers on whether an out of state taxpayer may apportion its income for tax purposes based on the formula provided in the Multistate Tax Compact (Compact) rather than the Michigan Business Tax (MBT), MCL 208.1101 *et seq.* Plaintiff filed amended returns for the tax years 2009 to 2012, seeking a refund of "$3,212,538: $498,049 for the tax year ending December 31, 2009; $1,125,825 for the tax year ending December 31, 2010; $687,578 for the tax year ending December 31, 2011; and $901,086 for the tax year ending December 31, 2012." However, plaintiff alleges, defendant refused to act on its amended return. Plaintiff explains that it treated the inaction as a denial of its request under MCL 205.30(2), and thereafter brought suit under MCL 205.30(2) and MCL 205.22, claiming it was entitled to a refund because it elected to apportion its income under the Compact. Before defendant filed an answer, the trial court, sua sponte, granted summary disposition in favor of defendant under MCR 2.116(I)(1) ("If the pleadings show that a party is entitled to judgment as a matter of law, or if the affidavits or other proofs show that there is no genuine issue of material fact, the court shall render judgment without delay."). The court explained its decision as follows:

> Having reviewed the complaint in the present matter, the Court concludes that plaintiff's request for a refund is premised on the elective three-factor apportionment formula of the Multistate Tax Compact. In 2014 PA 282, the Legislature retroactively repealed the Compact provisions. For the reasons stated in this Court's December 19, 2014, opinions in *Ingram Micro, Inc v Dep't of Treasury*, No. 11-000033-MT and *Yaskawa America, Inc v Dep't of Treasury*, No. 11-000077-MT, the Court concludes that PA 282 applies to this action and

-1-

negates the basis for plaintiff's claim. Accordingly, the Court grants summary disposition to the Department pursuant to MCR 2.116(1)(1) . . . .

All of plaintiff's issues and arguments have been considered and rejected by *Gillette Commercial Operations North America & Subsidiaries v Dep't of Treasury*, 312 Mich App 394; 878 NW2d 891 (2015), which the Supreme Court left entirely intact. *Gillette Commercial Operations North America & Subsidiaries v Dep't of Treasury*, 499 Mich 960 (2016). A panel of the Court of Appeals is bound to follow published decisions "issued on or after November 1, 1990," and that have "not been reversed or modified by the Supreme Court, or by a special panel of the Court of Appeals." MCR 7.215(J)(1).

Plaintiff requests that this panel declare a conflict with *Gillette* and issue a conflict opinion pursuant to MCR 7.215(J)(2). We decline to do so. The *Gillette* panel engaged in a detailed and well-reasoned analysis of the issues, and we are in full agreement with the decision.

Affirmed.

/s/ Peter D. O'Connell
/s/ Jane E. Markey
/s/ Christopher M. Murray